**IT IS SO ORDERED.**



1  Russell A. Brown
   CHAPTER 13 TRUSTEE    **Dated: August 27, 2004**
2  P.O. Box 33970
   Suite 800
3  3838 North Central Avenue
   Phoenix, Arizona 85067-3970
4  602.277.8996                    _____
   Fax 602.253.8346                **GEORGE B. NIELSEN, JR**
5                                  **U.S. Bankruptcy Judge**
   * * *

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| In re | In Proceedings Under Chapter 13 |
|---|---|
| GORDON MAURICE LeBLANC , | Case No. 04-04835 PHX GBN |
| and | **ORDER DISMISSING CASE** |
| MARILYN KAY LeBLANC , | |
| Debtors. | |

The Trustee having notified the Court that the Debtors have failed to timely file their 2003 Federal tax return as required by General Order 83, the Court finds cause for dismissing the case pursuant to 11 U.S.C. § 1307(c)(1) and (c)(4).

**NOW, THEREFORE, IT IS ORDERED:**

(A) This case is dismissed and the Clerk of the Court will give notice of the dismissal to all parties in interest;

(B) A motion to reinstate the case may be granted without a hearing if the Trustee approves the proposed reinstatement order. If the Trustee does not approve of reinstatement of the case, the matter may be set for hearing upon the Debtors' motion. The Court may set a hearing on the Debtors' motion to reinstate on the request of an interested party who had joined the Trustee's request for dismissal;

(C) Except as may be stated herein, all pending adversary proceedings, contested matters, and administrative hearings relating to this case are vacated;

(D) Pursuant to 28 U.S.C. § 586(e)(2), the Trustee shall be paid his percentage fee from all payments received from the Debtor. After payment of the Trustee's percentage fee, subject to the

provisions herein, the Trustee will retain the Debtor's funds pending Court approval of the payment of administrative expenses of the Debtor's attorney. If the Debtor's Chapter 13 Plan contained an Application for the Payment of Administrative Expenses to the Debtor's attorney and no party filed an objection to the Application, then the Debtor's attorney may lodge an Order approving the Application within ten days after the Court enters this Dismissal Order. Alternatively, the Debtor's attorney has ten days after the Court enters this Dismissal Order to file and notice out a separate fee application. The Trustee is to pay from the funds on hand any adequate protection payments previously ordered by the Court. If there is an insufficient amount of funds on hand to pay all allowed administrative expenses and adequate protection payments, then the Trustee shall pay the administrative expenses and adequate protection payment amounts pro rata. Any remaining funds will be returned to the Debtor. If the Debtor's attorney fails to timely lodge such Order or file a fee application, the Trustee may pay out the funds according to this Order; and

(E) If the Court has previously entered a payroll deduction order on the Debtor's wages, then the Court vacates that order.

DATED: _____, 2004.

_____
HON. GEORGE B. NIELSEN, JR.
United States Bankruptcy Judge

A copy of the proposed Order Dismissing Case was mailed by the Trustee on August 10, 2004, to:

Gordon and Marilyn LeBlanc
5527 E. Camelback Rd.
Phoenix, AZ 85018
Debtors

Kathleen Masters
2126 E. Greta Pl.
Phoenix, AZ 85022
Attorney for the Debtors

*/s/ John Heynen   9762*
*jheynen@ch13bk.com*

*In re Gordon Maurice Leblanc and Marilyn Kay Leblanc*
*Case No. 04-04835 PHX GBN*
*Order Dismissing Case*

- 2 -